U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 2 9 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>**NORTHERN DISTRICT OF NEW YORK** | **I N D I C T M E N T** |
| UNITED STATES OF AMERICA, | 1:10-CR- 0458-GLS |
| v. | VIO: 18 U.S.C. § 242<br>18 U.S.C. § 1001 |
| **KEITH RONALD HANCOCK, JR.**, | [2 FELONY COUNTS] |
| Defendant. | [Counties of Offenses:<br>Rensselaer and Albany] |

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(Deprivation of Rights under Color of Law)

On or about January 18, 2009, in Rensselaer County, in the State and Northern District of New York, **KEITH RONALD HANCOCK, JR.**, the defendant herein, who was then employed as a correctional officer at the Rensselaer County Correctional Facility ("RCCF") in Troy, New York, while acting under color of the laws of the State of New York, did knowingly and willfully physically strike and assault Michael Ward, an inmate housed at the RCCF, resulting in bodily injury to Michael Ward, thereby willfully depriving Michael Ward of a right preserved and protected by the Constitution and laws of the United States, namely, the right not to be subjected to cruel and unusual punishment.

In violation of Title 18, United States Code, Section 242.

### COUNT TWO
(False Statement)

On or about March 2, 2009, in Albany County, in the State and Northern District of New York, **KEITH RONALD HANCOCK, JR.**, the defendant herein, in a matter within the jurisdiction

- 2 -

of the executive branch of the United States, knowingly and willfully made a materially false statement to a Special Agent of the Federal Bureau of Investigation ("FBI"), during an investigation regarding a criminal civil rights violation occurring on or about January 18, 2009, at the Rensselaer County Correctional Facility ("RCCF"), knowing the same to be materially false, in that defendant **KEITH RONALD HANCOCK, JR.** stated in substance that he had heard through the grapevine that he punched someone, but that it did not happen, and that he was threatened by the inmate walking down the hallway and did what he had to do to protect himself, whereas, in truth and in fact, as defendant then and there well knew, the defendant, while on duty as a correctional officer, had physically punched and struck an inmate who had not threatened the defendant and he did not have to do so to protect himself.

All in violation of Title 18, United States Code, Section 1001(a)(2).

Dated: September 29, 2010

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

By: _____
ROBERT P. STORCH
ASSISTANT U.S. ATTORNEY
N.D.N.Y. BAR ROLL # 104147

_____
SHAN PATEL
TRIAL ATTORNEY
CIVIL RIGHTS DIVISION